EMMA LEWITT, SAMUEL LEWITT AND KATHERINE DRURY, PLAINTIFFS, v. WALTER VOLLMAN, DEFEND-ANT.

Submitted January 28, 1927—Decided May 16, 1927.

**Negligence—Motor Vehicle—Defendant, in a Long Line of Vehicles, Cut Out of the Line, Passing Plaintiffs' Car and Colliding With a Truck Ahead, Which was so Injured Thereby That it Collided With Car in Which Plaintiffs Were Riding—No Error in Trial Which Found a Verdict Against Defendant—Awards Not Excessive.**

On defendant's rule to show cause why plaintiffs' verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justice TREN-CHARD.

For the rule, *Frank G. Turner.*

*Contra, Wilbur A. Heisley.*

PER CURIAM.

This is defendant's rule to show cause why plaintiffs' verdict should not be set aside.

Plaintiffs were riding as guests in an automobile driven by one Grushkin, proceeding south on the road between Elizabeth and Rahway at two P. M., August 8th, 1925, on a clear day. The traffic was exceedingly heavy and formed a continuous line going south. The traffic in the other direction was light.

Defendant, Vollman, was driving a Buick car going south, in the same direction as the plaintiffs. Vollman, for some reason, turned out of the line of traffic and proceeded at a rapid rate along the center of the road, evidently intending to get into the line of traffic farther on. He passed the car in which the plaintiffs were riding on the left and then collided with a truck of the Gottfried Kreuger Brewing Com-

pany, which was proceeding north, about fifty or seventy-five feet away from the car in which plaintiffs were riding. Immediately after the collision the Kreuger truck cut diagonally across the road and struck the plaintiffs' car, forcing it over on its side; and the evidence tended to show that the gyrations of the Kreuger truck resulted from the collision with Vollman's automobile which inflicted some injury to the steering gear of the Kreuger truck.

The evidence also tended to show that this collision between the Vollman automobile and the Kreuger truck was the result of the reckless speed and reckless conduct of Vollman in trying this weaving-in undertaking.' In such condition of the proof it seems quite plain that the trial judge did not err in refusing to direct a verdict in favor of the defendant, Vollman, as contended by him.

The jury rendered a verdict against Vollman alone, although the brewing company was joined as defendant. They found for Mr. Lewitt, $1,500; for Mrs. Lewitt, $1,500, and for Miss Drury, $500. The defendant contends that these verdicts were excessive.

Manifestly, they were not. They were quite moderate. All of the plaintiffs were cut and bruised and were laid up for varying periods of time.

The rule will be discharged.