ROSY KERTESZ, PLAINTIFF-APPELLANT, v. JOSEPH FELDHEIM, DEFENDANT-RESPONDENT.

Decided December 31, 1927.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Isidor B. Glucksman* (*Otto S. Stiefel,* of counsel).

For the respondent, *Herman Waldman.*

PER CURIAM.

The appellant, plaintiff below, brought her action in the First District Court of the city of Newark, against the respondent, defendant below, to recover damages resulting from defendant's unlawful entry and occupation of premises owned by the plaintiff, and entered upon by the defendant, without the knowledge or consent of the plaintiff. The case was tried before the court, sitting without a jury. The judgment was for defendant. From this judgment the plaintiff appeals.

The agreed state of the case is as follows: "The attorney for plaintiff informed the court that counsel had agreed to submit the case on evidence previously before the court in the form of memoranda, filed by them in a former suit between the same parties; that plaintiff had brought her prior action on contract and had sought to recover from defendant a reasonable value for the use and occupation of the premises, which were occupied by the defendant without her permission; and that the court had rendered judgment for the defendant in the former suit on the ground that no relation of landlord and tenant existed between the parties, and that no recovery could be had unless such relationship exists. Thereupon the court rules that the plaintiff had made an election of inconsistent remedies, and that the matter was *res adjudicata,* and upon motion of attorney for defendant, a judgment was entered in favor of the defendant.

The facts set forth in the agreed state of the case sufficiently point out that prior to the commencement of the present action the appellant sued the respondent in the same court, upon contract, alleging that the latter was her tenant in the possession of the premises in question, with her consent, and as has already been observed, the trial judge found that her right of recovery was defeated because she failed in proving the relationship of landlord and tenant.

It is conceded in the state of the case that the present cause of action is founded upon the same facts which were the bases of the appellant's action for use and occupation. It further appears from the stated case that the testimony taken in the former action was in the shape of "memoranda" and

was submitted to the trial judge by the parties to the litigation, as testimony, upon which he was to base his finding. The testimony contained in the "memoranda" was not printed in the record, and we cannot say from aught that appears before us that the trial judge was in error in reaching the conclusion that the matter was *res adjudicata*. There appearing nothing to the contrary in the record, we must assume that the testimony contained in the "memoranda" tended to show that the issue presented for decision arose out of the same cause of action. Furthermore, it is made apparent by the record that the appellant, in her state of demand, avers that the respondent entered into and occupied the premises in question with her, the appellant's permission, whereas in the present action she states in her state of demand that he entered upon the premises without her knowledge or consent.

Whether or not the respondent entered into the premises with or without the appellant's consent was a matter with which she must have been conversant before she commenced her first action. She must therefore be held to have elected to stand upon the assertion that the respondent, with her consent, entered into and occupied the premises in question, for which he was answerable to pay the reasonable value for the use thereof.

Moreover, according to the record before us, the appellant appealed from the decision of the trial judge rendered against her in her first action, which fact tends to emphasize her election of that remedy (rightly or wrongly), pursued by her.

"It is the inconsistency of the demand which makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of actions are different." *C. J., p.* 11.

These views lead to an affirmance of the judgment, with costs.