PONZIANO TERLINGO, AS ADMINISTRATOR OF THE ESTATE OF LOUIS TERLINGO, DECEASED; AS ADMINISTRATOR AD PROSEQUENDUM AND IN HIS OWN RIGHT, RESPONDENT, v. BELZ-PARR, INCORPORATED, APPELLANT.

Argued May 23, 1929—Decided October 14, 1929.

For the appellant, *Joseph Beck Tyler.*

For the respondent, *Ralph W. Wescott.*

The opinion of the court was delivered by

BODINE, J.  The plaintiff as general administrator of his minor son recovered a verdict for $1,000, and as administrator *ad prosequendum* a verdict for $5,000

The deceased was under sixteen years of age at the time of his death.  He was employed in a stone yard without age and schooling certificate.  His employment was not in violation of any provision of the Factory act.  At the time of his injury he was taking some empty bags from a bin.  The walls of the bin fell upon him.  For the purpose of this case negligence of the employer is admitted.

The trial judge charged the jury that if the deceased was under sixteen years of age at the time of his injury and death, the actions would lie, otherwise not.  The propriety of this ruling is challenged in a number of assignments of error.

The amendment to section 9 of the Workmen's Compensation act (*Pamph. L.* 1924, *p.* 359), so far as pertinent, is as follows: "* * * If the injured employe at the time of the accident is * * * a minor between fourteen and sixteen years of age employed, permitted or suffered to work without an age and schooling certificate * * * a compensation or death benefit shall be payable to the employe or his dependents which shall be double the amount payable under the schedules provided in paragraphs eleven and twelve * * *.

"Nothing in this act contained shall deprive an infant under the age of sixteen of the right or rights now existing to recover damages in a common law or other appropriate action or proceeding for injuries received by reason of the negligence of his or her master."

By virtue of the act of March 15th, 1855 (*Comp. Stat. p.* 2260, § 4), and the act of March 3d, 1848 (Death act, *Comp. Stat.; p.* 1907), in an appropriate case there may be a

recovery for the loss that accrued to the estate of a deceased person between injury and death and also for the pecuniary injury to the next of kin by reason of the death. *Soden* v. *Trenton Traction Co.,* 101 *N. J. L.* 393. This principle of law the trial judge applied to the facts in this case.

The Workmen's Compensation statute is a remedial law and is to be liberally and broadly construed. *Jersey City* v. *Borst,* 90 *N. J. L.* 454; *Schmid* v. *Stanton Forging Co.,* 104 *Id.* 471.

The act is entitled: "An act prescribing the liability of the employer to make compensation for injuries received by an employe in the course of employment * * *." The legislature, by the 1924 amendment, provided that there should be double compensation for the dependents where a minor between the ages of fourteen and sixteen was employed without an age and schooling certificate, and they further said that nothing in the act should be construed as depriving an infant under the age of sixteen of the right or rights now existing to recover damages in common law or other appropriate action for injuries received.

The appellant contends that the amendment deprives the general administrator and the administrator *ad prosequendum* of an infant between the age of fourteen and sixteen employed without age and schooling certificate, negligently killed by fault of the employer, of the right as it existed at the time of the passage of the amendment to recover for injuries sustained.

By express legislative language the infant is not deprived of any rights which existed either at common law or by virtue of any other appropriate action or proceeding. These words of legislative purpose cannot be construed so as to deprive the representative of the deceased infant of existing rights.

The legislative purpose in making this amendment is perfectly clear. The minor is given certain additional rights and is deprived of none that exists. True, the dependents are given certain new rights but no purpose is expressed to deprive them of those that existed. The statute is remedial,

and in the absence of words an intention to curtail existing rights is not to be presumed.

The judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BLACK, CAMPBELL, LLOYD, CASE, BODINE, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, DEAR, JJ. 13.

*For reversal—third count*—THE CHIEF JUSTICE, PARKER, CAMPBELL, CASE, WHITE, MCGLENNON, JJ. 6.

All the judges voted to affirm the judgment. Six voted to reverse the third count but as this number was not a majority it had no legal effect. The second count was abandoned. Seven who voted to affirm the judgment did so on the first and third counts.