ANTHONY DAMATO, PETITIONER-RESPONDENT, v. CONSTANTINO DE LUCIA, RESPONDENT-PROSECUTOR.

Submitted October 19, 1931—Decided March 1, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the petitioner-respondent, *Meehan Brothers (John J. Meehan,* of counsel).

For the respondent-prosecutor, *McDermott, Enright & Carpenter (Carl S. Kuebler,* of counsel).

PER CURIAM.

This writ brings up a determination and judgment of the workmen's compensation bureau awarding compensation to the respondent employe.

It appears that the respondent, Anthony Damato, was employed by the prosecutor of this writ at the latter's bakery in the town of Raritan. The employment was an illegal one in view of the provisions of chapter 80 of the laws of 1923, the respondent being under the age of sixteen years. He became caught in a mixing machine and his arm was fractured in two places and his right hand had to be amputated. A petition was filed claiming compensation under chapter 159 of the laws of 1924 (page 359) entitled "An act to amend an act entitled 'An act prescribing the liability of an employer to make compensation for injuries received by an employe in the course of employment, establishing an elective schedule of compensation, and regulating procedure for the determination of liability and compensation thereunder' approved April fourth, one thousand nine hundred and eleven." While that proceeding was pending the respondent, by his next friend, &c., instituted an action at law in the Supreme Court (Somerset Circuit) seeking damages under the common law. That action came on for trial and resulted in a judgment for the respondent of $4,500 and for his parents of $1,313.25 which judgment has been satisfied. Respondent then proceeded under his petition to the workmen's compensation bureau and was awarded double compensation for one hundred and seventy-five weeks in accordance with the prayer of the petition. The prosecutor, the employer, then sued out this writ, and contends, first, that, under the provisions of *Pamph. L.* 1924, *p.* 357, the respondent had no right of recovery other than that at common law which he pursued successfully.

But this contention appears to run counter to the course of our decisions and to the intent of the act of 1924 as construed by our courts.

Prior to the act of 1924, this court held that "where a minor under sixteen years of age was employed to operate a laundry machine in violation of the Factory act, the common law liability was not affected by the Workmen's Compensation act, for that act applies only where the contract of hiring is a valid one. *Lesko* v. *Liondale Bleach, Dye and Print Works,* 93 *N. J. L.* 4. See, also, *Boyle* v. *Van Splinter,* 101 *Id.* 89.

Now, in the present case it is conceded that the employment was prohibited by the statute and the prosecutor of this writ in his brief says this: "Essentially this review involves a question of the construction and possibly the constitutionality of chapter 159 of the laws of 1924 which amends section 2, paragraph 9, of the act commonly known as the Workmen's Compensation act. This statute provides, among other things, that if the minor is between fourteen and sixteen years of age and is employed in violation of the labor law the compensation award shall be double the amount allowed in the schedule set forth in the Workmen's Compensation act and that the employer and not the insurance carrier shall be liable for the extra compensation." And he further properly points out that the 1924 amendment concludes with the following paragraph: "Nothing in this act contained shall deprive an infant under the age of sixteen of the right or rights *now existing* to recover damages in a common law or other appropriate action or proceeding for injuries received by reason of the negligence of his or her master."

Looking at our decisions we find that the act of 1924 and the proviso above quoted has already been construed by our courts.

In *Mauthe* v. *B. & G. Service Station,* 139 *Atl. Rep.* 244, a verdict recovered in a common law action was sustained by the Supreme Court. In the course of the opinion it was said: "Joseph Mauthe was a minor of the age of fifteen and a half years and therefore under the age of permissive employment, under the statute, in the service of which he was engaged. This being true the common law remedies of the

administrator of his estate were not affected by the Work-men's Compensation acts. *Fier* v. *Weil,* 92 *N. J. L.* 610; *Lesko* v. *Liondale Bleach Works, supra.* But it is contended that chapter 159 of the laws of 1924 (page 359) provides a statutory remedy in such case which supersedes the common law remedy. The difficulty with this contention is that the second section, paragraph 9, of the act, expressly provides that nothing in the act 'shall deprive an infant under the age of sixteen of the right or rights now existing to recover damages in a common law * * * action or proceeding for injuries received by reason of the negligence of his or her master.' We think the result reached by the earlier decisions above cited are not intended to be modified by the statute in question."

However, the prosecutor of this writ under this head argues: that "the amendment provided by chapter 159, laws of 1924, does not provide a compensation remedy in addition to the common law remedy."

But that argument finds no support in the language of the proviso, or in our decision, but the contrary is indicated.

In *Terlingo* v. *Belz-Parr, Inc.,* 106 *N. J. L.* 221, recovery was had by the father of an infant who was illegally employed, as general administrator and as administrator *ad prosequendum,* and upon appeal it was argued that the act of 1924 took away the right of recovery for the death and provided for recovery only under the statute.

That contention was held to be unsound, and Mr. Justice Bodine, speaking for the Court of Errors and Appeals, said of the 1924 statute: "By express legislative language the infant is not deprived of any rights which existed either at common law or by virtue of any other appropriate action or proceeding. These words of legislative purpose cannot be construed so as to deprive the representative of the deceased infant of existing rights. The legislative purpose in making this amendment is perfectly clear. The minor is given certain *additional rights* and is *deprived of none that that exist.* True, the dependents are given certain new rights, but no purpose is expressed to deprive them of those that existed.

The statute is remedial, and in the absence of words an intention to curtail existing rights is not to be presumed." That very definite statement, apparently made for future guidance, that the act gave the minor certain additional rights and deprived him of none that existed, would seem to result in the conclusion that the compensation remedy was open to the infant in addition to the common law remedy.

The only other reason assigned for setting aside the judgment is: "Because if the object of chapter 159 of the laws of 1924 was to give the minor employe double recovery against the employer in addition to his recovery at common law, such act is unconstitutional and violates article 4, section 7, paragraph 4, of the constitution of the State of New Jersey, in that such law embraces more than one object and the object or result of such construction of the law is not expressed in the title."

Our examination of the title of the act which is quoted herein results in the conclusion that the act is not unconstitutional in the respect claimed. *Young* v. *Sterling Leather Works,* 91 *N. J. L.* 289; *Doyne* v. *Stollerman,* 131 *Atl. Rep.* 68.

The judgment will be affirmed, with costs.