ERIE RAILROAD COMPANY, complainant,

*v.*

ALMA MICHELSON, administratrix *ad prosequendum* of the estate of Axel Michelson, deceased, defendant-respondent, and FREDERICK SNARE CORPORATION and UNITED STATES FIDELITY AND GUARANTY COMPANY, defendants-appellants.

[Submitted May term, 1932.    Decided October 17th, 1932.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fielder, who filed the following opinion:

"The facts are not in dispute and are set out in a stipulation between counsel.

"Alma Michelson, as administratrix *ad prosequendum*, thereafter recovered a judgment against Erie Railroad Company for $27,729.15 for causing Michelson's death, whereupon a notice, signed by the insurance company alone, was served on the railroad company that the insurance company had paid

Alma Michelson for and on behalf of Frederick Snare Corporation, pursuant to the Workmen's Compensation act, $3,686 and demanding that the railroad company deduct said amount from the sum to be paid by it in satisfaction of said judgment recovered by Alma Michelson, administratrix, and pay the same 'to us in accordance with the provisions of the Workmen's Compensation act.' Alma Michelson objected to Erie Railroad Company complying with such notice and the railroad company thereupon paid her said judgment, less $3,686, and paid the retained amount into this court and obtained an order discharging it from liability to the claimants on said fund and directing the claimants to interplead and adjust their demands as between themselves.

"Statements of claims for the employer and the insurance company were filed by the same solicitor. For the employer it was stated that the insurance company was agent for the employer for payment of compensation to Michelson's dependents; that the employer caused notice (schedule A) of the compensation award to be served by said agent on Erie Railroad Company, and that $3,686 paid for compensation by the employer, through said agent, should be adjudged to belong to Frederick Snare Corporation, the employer. The claim for the insurance company is identical with that of the employer, with the additional statement that all compensation payments were made to Alma Michelson by the insurance company under its contract of insurance with Frederick Snare Corporation, the employer and for and on behalf of said employer, and that the insurance company, having paid the compensation, is entitled to reimbursement and should be awarded the fund in court. The solicitor representing these two claimants states in his brief that award of the fund to either of these claimants will be satisfactory to the other. For Alma Michelson the claim is that she is entitled to the fund because the notice (schedule A) is not in accordance with the workmen's Compensation act (for the reason hereinafter stated); that an insurance carrier is not entitled to be subrogated to the rights of the employe against a third party wrong-doer; that Frederick Snare Corporation cannot be so subrogated or

reimbursed because it made no compensation payments to Michelson's dependents and that she is entitled to the fund as part of her judgment against the Erie Railroad Company.

"I think that the rights of the respective claimants depend upon the construction to be given the Workmen's Compensation act and especially to section 23 (f) chapter 93, *P. L. 1919*. That section (23-f) provides that where a third person is liable to the employe's dependents for death of the employe and said dependents shall recover from said third person a sum greater than the total compensation payments for which the employer is liable, 'such employer shall file with the third person * * * at any time prior to payment, a statement of the compensation agreement or award * * * and the employer shall thereafter be entitled to receive from such third person, * * * upon the payment of any amount in release or in judgment by the third person * * * on account of his liability to the injured employe or his dependents, a sum equivalent to the amount of compensation payments which the employer has theretofore paid to the injured employe or his dependents, which payments shall be deducted by the third person * * * from the sum paid in release or judgment to the injured employe or his dependents.'

"It is claimed on behalf of Alma Michelson that the notice (schedule A) filed with Erie Railroad Company was not a notice given by the employer because it was not actually signed by the employer. This claim is without merit, first, because the act does not require any notice of claim to be filed; it merely provides that the employer shall file with the third person a statement of the compensation agreement or award and such filing certainly can be done (as was done here) through an agent. Second, because the notice was expressly in the name of the employer although its name was affixed thereto by one representing himself as agent. Surely the employer may authorize an agent to act for him in giving notice. The intent of the act is to apprise the third person, wrongdoer, that the employer makes claim under the law for a deductible amount from a judgment against such third person and such intent was met by the notice and statement of compensation award (schedule A).

"As to the meritorious question involved I would point out that the Workmen's Compensation act (*P. L. 1911 ch. 95*) contained no provision for subrogation or reimbursement to the employer for compensation paid, out of a judgment obtained against a wrong-doer whose negligence caused injury to, or death to the employe; nor did it provide that compensation payments should cease upon collection from the wrong-doer of a sum in excess of the compensation award. Under the original act the employe, or his dependents, could recover full compensation from the employer, as well as damages from the wrong-doer. The legislature of 1913 evidently considered that such a situation called for legislation and passed *P. L. 1913 ch. 174,* in which a paragraph of section 23 is identical with section 23 (f), chapter 93 (*P. L. 1919*), but since 1913 there has been no change with respect to this provision of the law. What change the legislature of 1913 intended to make in the law as it then stood, can only be gathered from what it said in the act of 1913, and the same can be said of the legislature of 1919 with respect to chapter 93 of the laws of that year. Thus since the enactment of the Workmen's Compensation act that law has disregarded such rights as the insurance carrier claims here and the legislature has provided only that the employer shall be entitled to receive from the third person wrong-doer the amount of compensation payments which the employer has paid, when the judgment against the wrong-doer is in excess of the compensation award. In the instant case the employer paid nothing to its employe's dependents, all weekly compensation payments having been paid by the insurance company directly to said dependents and therefore Frederick Snare Corporation, employer, was not entitled to have Erie Railroad Company retain for its benefit any part of the judgment recovered against the railroad company. The statute in question extends no relief to the insurance company, either by way of subrogation or reimbursement. The payments which it made could have been made to the employer, with whom the insurance company was in privity of contract, and the fact that the employe's dependents accepted weekly payments direct from the insurance

company, raises no implied contract or agreement, either in law or equity, that said dependent will reimburse the insurance company out of the judgment recovered against the Erie Railroad Company. *Hartford Accident and Indemnity Co.* v. *Englander, 93 N. J. Eq. 188; Warner-Quinlan Co.* v. *Byram, 106 N. J. Eq. 82; New York, Susquehanna and Western Railroad Co.* v. *Huebschmann, 109 N. J. Eq. 40.*

"For the employer and the insurance company it is contended that section 5, chapter 149 (*P. L. 1918*), provides that payment of compensation by an insurance carrier is to be deemed payment by the employer. Not so. The act of 1918 is a supplement to the Workmen's Compensation act of 1911 and its general object is to establish a workmen's compensation bureau for the settlement of claims arising under the act which it supplements. Section 5 provides that unless a settlement of compensation claim is effected, or an application made to the bureau, or a petition for compensation made, every claimant for compensation shall file a certain petition with the bureau within one year after the accident; or in case of agreement for compensation then within one year after the failure of the employer to make payment thereunder, or in case compensation has been paid then within one year after the last payment and (the section continues) 'a payment or agreement to pay by the insurance carrier shall for the purpose of this section be deemed a payment or agreement by the employer.' Thus the provision is merely that for the purpose of reckoning time under the section, payment by the insurance carrier shall be considered payment by the employer.

"The fund in court should be ordered paid to Alma Michelson, administratrix."

*Mr. Alexander Simpson (Mr. Alex R. DeSevo,* of counsel), for the respondent.

*Messrs. McDermott, Enright & Carpenter (Mr. James D. Carpenter, Jr.,* of counsel), for the appellants.

Per Curiam.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Fielder.

*For affirmance*—The Chancellor, Trenchard, Parker, Lloyd, Case, Bodine, Brogan, Van Buskirk, Kays, Dear, Kerney, JJ. 11.

*For reversal*—Wells, J. 1.