The appeal is from a decree of the court of chancery advised by Vice-Chancellor Fallon, and comes on an agreed state of facts.
On September 22d 1927, Paul Huebschmann, while employed by the defendant Pattison Bowns, Incorporated, received an injury which resulted in his death on September 30th, 1927. Soon thereafter, his widow, Marie Huebschmann, applied for compensation under the provisions of the Workmen's Compensation act (P.L. 1911 ch. 95, as supplemented and amended). An award of $3.153.43 was made in her favor. The employer was covered by a workmen's compensation insurance policy written by the Aetna Life Insurance Company, and that company, in accordance with its obligation, paid to Mrs. Huebschmann, on account of the award, to date of October 17th, 1930, $1,776.34. After obtaining the award, Mrs. Huebschmann, as executrix, brought suit against the New York, Susquehanna and Western Railroad Company to recover damages for the alleged wrongful death of her husband. By agreement the suit was settled for the sum of $5,000. During the pendency of that suit notice was served upon the New York, Susquehanna and Western Railroad Company by Pattison Bowns, Incorporated, demanding reimbursement for the compensation paid to Mrs. Huebschmann under the award. The wording of the demand was as follows:
"The said employer, therefore, demands of you, out of any moneys which you are to pay by release or judgment to or for the benefit of the said employe or the dependents or next of kin of the said employe, reimbursement of and for all moneys which at such time may have been paid by the said employer or its insurance carrier by virtue of its agreement aforesaid." *Page 549 
The agreement here referred to was the agreement between employer and employe by which the employer became liable for the payment of compensation under the terms of the Workmen's Compensation act. The only moneys paid, to which the notice could be applicable, were those paid by the insurance carrier in accordance with its policy obligation as above mentioned. The executrix denied the right of the railroad company to any part of the suit moneys. Thereupon, the exact amount of the employer's claim being undetermined, the railroad company paid the sum of $5,000 into the court of chancery and obtained an order, not appealed from, discharging it from liability to the claimants on the fund and directing the claimants, that it to say, Paul Huebschmann's executrix and Pattison Bowns, Incorporated, to interplead and adjust their demands as between themselves. The agreed facts further recite the contentions of the parties to the appeal, which are as follows: The employer relying on section 23 (f) of the Workmen's Compensation act (P.L. 1919 ch. 93p. 212), demands reimbursement for the moneys paid by its insurance carrier; and the personal representative of the deceased employe sets up that the statute provides for reimbursement to the employer only when and to the extent that payments under the compensation award are made by the employer and that such right of reimbursement is not extended to an insurance company which pays compensation to the employe under a contract of insurance with the employer.
The facts and the issue thus bring the case squarely within the determination reached by this court in Erie Railroad Company v.Alma Michelson, 111 N.J. Eq. 541. The decree in the instant case directed that the entire fund be paid over to the executrix, and, following the cited case, we find that that was a proper disposition.
The only suggestions contained in appellant's brief that are not adequately treated in the opinion adopted by this court in the Michelson Case are:
(1) That "the compensation was paid on behalf of the employer by its insurance carrier * * * as the agent of the employer." There is neither reference nor argument to *Page 550 
sustain this factual assertion of agency. Neither the stipulation of facts nor the pertinent legal principles appear to sustain the allegation.
(2) That the opinion in the Michelson Case was written in ignorance of P.L. 1917 ch. 178. This suggestion, opined from omission in the opinion of reference to the statute, is scarcely justified. The legislation is not an essential link in the chain of reasoning nor does it affect the conclusions reached.
(3) That the changes in section 23 (f) of the Workmen's Compensation act effected by P.L. 1931 ch. 279, approved April 27th, 1931, are helpful to appellant's contention and should be considered. The amendatory statute is not pertinent for the reason that it was not passed until after the rights of the parties had become fixed.
(4) That upon the principle of common law subrogation the insurance carrier is entitled to reimbursement. With respect to which it need only be said that (a) the right of the employer to reimbursement is purely statutory; (b) it was determined in theMichelson Case that the statute extended no relief to the insurance carrier either by way of subrogation or reimbursement, and (c) in any event, the insurance carrier is not a party to the present litigation.
The decree below will be affirmed.
For affirmance — THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, KERNEY, JJ. 12.
 For reversal — WELLS, J. 1. *Page 551