STEVE ZISKO, BY SUSIE ZISKO, HIS NEXT FRIEND, AND SUSIE ZISKO AND JOSEPH ZISKO, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. THE TRAVELERS INSURANCE COMPANY, A FOREIGN CORPORATION, DEFENDANT-APPELLANT.

Argued October 21, 1936—Decided January 22, 1937.

For the defendant-appellant, *Lindabury, DePue & Faulks* and *Walter F. Waldau.*

For the plaintiffs-respondents, *Francis M. Seaman.*

The opinion of the court was delivered by

BODINE, J. The appeal is by an insurance carrier from a judgment in favor of the plaintiffs, who had previously recovered a judgment because of injuries suffered by the infant, Steve Zisko, while the employe of Samuel Eisner, the defendant's insured.

The policy in question provided that the defendant would "pay promptly to any person entitled thereto, under the Workmen's Compensation law and in the manner therein provided, the entire amount of any sum due, and all installments thereof as they become due. * * * and would [To] indemnify [the] employer against loss by reason of the liability imposed upon him by law for damages on account of such injuries to such of his employes *as are legally* employed wherever such injuries may be sustained." Zisko, at the time of his injury, was a minor just over fifteen and under sixteen years of age and was, as it is admitted, illegally employed under the statutes of this state.

The defendant, notified of the accident before appearing to defend, wrote to its insured as follows: "Confirming the agreement made September 19th, 1931, in the above entitled cause, the Travelers Insurance Company will undertake for you, at its own cost and expense, the trial of the above entitled cause so far as you are concerned as party defendant. It is understood, however, that the assumption of the defense for you as above set forth is in nowise to be construed as an admission that policy No. UB6880224 issued to you by the Travelers Insurance Company has any application to the claim

of the plaintiffs against you, or that the Travelers Insurance Company admits any responsibility to you under said policy in the event plaintiffs obtain judgment against you." Eisner admitted receipt of this letter and notwithstanding permitted the insurance company to take over the entire defense of the action.

The question for determination is, whether an insurance company in providing, at its own expense, an attorney to defend an action brought against the holder of one of its policies is estopped from asserting a valid defense in a subsequent suit upon the policy, when it has given notice to the insured that it disclaims liability and reserves the defenses which it may have under the terms of its policy.

In the case of *Neilson* v. *American Mutual, &c.,* 111 *N. J. L.* 345, it was said that when a letter of disclaimer was accepted by the defendant's attorney it constituted a non-waiver agreement between the defendant and the insurance company. In that case the letter was as follows: "However, at this time we will undertake the defense of said action upon the express understanding that by so doing we do not admit any liability under the policy and if it be subsequently established that said truck was being operated in violation of the terms of said policy we reserve the right to disclaim any liability for damages arising out of said accident. If this is not agreeable to you, we will return the summons and complaint for such action as you think advisable."

In the present case, the proofs show that the defendant in the original action had received notice of the disclaimer and the terms upon which the insurance carrier would interpose a defense. Although he did not acknowledge receipt of the letter in person or by attorney, he permitted the insurance carrier to proceed in his defense with full knowledge that it disclaimed liability. The acceptance of the service of the insurance carrier's attorney in the defense of the action, under the terms set forth in the letter, either constituted a non-waiver agreement or precluded the insured from asserting the contrary. The insurance carrier could not compel the insured to sign a contract, but it could by promptly asserting its rights secure the benefit of its disclaimer.

In *Caiola* v. *Aetna Life Insurance Co.*, 13 *N. J. Mis. R.* 845; *affirmed*, 116 *N. J. L.* 381, there was no proof of a disclaimer by the insurance carrier before entering into the defense of the action.

An infant illegally employed has a common law cause of action against his employer to recover for the injury sustained. *Terlingo, &c.*, v. *Belz-Parr, Inc.*, 106 *N. J. L.* 221. The defendant did not insure this risk, but did insure the liability of the employer to pay compensation to such employes as were legally employed and who met with accidents arising out of and in the course of their employment. To deny such carrier the rights arising from a disclaimer, such as was proved here, would result in the imposition of a liability not arising in the contract of the parties and completely at variance with their understanding. Such is not the law.

The injured party has no greater rights than the insured and the insured, who has received notice of the terms upon which the carrier will defend by accepting the benefit of a defense, is bound by his action.

The insurance carrier is only bound if it defends without disclaimer or non-waiver agreement. *Horn* v. *Commonwealth Insurance Co.*, 105 *N. J. L.* 616. Where it has made disclaimer and the insured has accepted the benefits of its defense, with full knowledge that its action is in nowise to be construed as an admission of coverage, it may interpose a defense in an action by a third party upon the policy.

It was, therefore, error for the court to refuse the motion for the direction of a verdict in favor of the defendant.

Judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 14.