ESSEX COUNTY COURT OF COMMON PLEAS.

CHARLES WILSON, AN INFANT, BY HIS NEXT FRIEND, GEORGE WILSON, AND GEORGE WILSON, INDIVIDUALLY, PLAINTIFFS, v. NEWARK SMELTING AND REFINING CO., INC., A CORPORATION INCORPORATED IN THE STATE OF NEW JERSEY, FEBRUARY 26th, 1941, DEFENDANT.

Decided December 4, 1945.

For the plaintiffs, *Harry Cohn.*

For the defendant, *Milton M. Unger.*

HARTSHORNE, C. P. J. Defendant moves to strike the complaint herein on the ground that proceedings in the Workmen's Compensation Bureau are plaintiffs' sole and exclusive remedy.

Plaintiff Charles Wilson is a minor over "16 years of age" but "under the age of 18 years." He sues the defendant employer in the first count for negligence in and about his employment, alleging his employment in a foundry to be in violation of law. *R. S.* 34:2–21.17; *N. J. S. A.* 34:2–21.17. The plaintiff father sues in the second count on the same facts for expenses and loss of services of his son. Since both sides rely upon the conclusive effect of the terms of the Workmen's Compensation Act, we proceed to the consideration of such act and its amendments so far as pertinent.

The original act covered the employment of both adults and minors: "In the employment of minors, Section II [that covering employers and employees generally] shall be presumed to apply unless the notice [that such Section II is not to apply] be given by or to the parent or guardian of the minor [instead of by the employee himself as in the case of adults]." *Pamph. L.* 1911, *ch.* 95, *pp.* 134, 137, § *II, subsec.* 9. No such notice is alleged in the case at bar.

The original act further provided in section II that: "When employer and employee shall by agreement * * * accept the provisions of Section II of this Act, compensation for personal injuries to * * * such employee by accident arising out of and in the course of his employment, shall be made * * * according to the schedule" set forth in the act. (*Ibid., subsec.* 7.)

By subsection 8 of the same act it was provided that: "Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in Section II of this Act * * *." In short, both adults and minors, so far as all lawful employment contracts were concerned, were, in the absence of notice to the contrary, barred by the Compensation Act from bringing a suit similar to that here involved.

But since the Compensation Act was held not to cover illegal contracts of employment, minors illegally employed

were not bound by its above surrender provisions, and so had the same right as previously—the sole right—to bring such action at law. *Hetzel* v. *Wasson Piston Ring Co. (Court of Errors and Appeals)*, 89 *N. J. L.* 201; 98 *Atl. Rep.* 306; *Lesko* v. *Liondale Bleach Works*, 93 *N. J. L.* 4; 107 *Atl. Rep.* 275. These decisions however were based on the illegality of the employment contract, not on the minority of the employee. "This statutory provision with relation to the recovery of compensation only applies where the contract of hiring is a valid one, and not where such contract is prohibited by the statute law of the state." *Lesko* v. *Liondale, supra.* Thus, the Workmen's Compensation Act, as originally enacted, barred every minor to whom it applied, from an action, such as the present, against his employer, his remedy lying solely under the Compensation Act itself.

Evidently, however, this situation, which prevented minors illegally employed from obtaining the more certain recovery of moneys under the Compensation Act, did not meet with legislative approval, with the result that in 1924 the legislature amended the Workmen's Compensation Act to make it cover illegal contracts affecting minors. *Damato* v. *De Lucia,* 10 *N. J. Mis. R.* 308; 159 *Atl. Rep.* 526; reversed on other grounds, 110 *N. J. L.* 380; 166 *Atl. Rep.* 173; *El* v. *Newark Star Ledger,* 131 *N. J. L.* 373, 382; 36 *Atl. Rep. (2d)* 616. In doing this, the legislature sought to discourage such illegal contracts, both by granting double compensation to those under 16 and by retaining for those under 16 who were illegally employed, their sole pre-existing right, in the alternative, to bring their common law action. "If the injured employee at the time of the accident is * * * a minor between 14 and 16 years of age employed * * * at an occupation prohibited at that age by the labor law, a compensation or death benefit shall be payable to the employee or his dependents, which shall be double the amount payable under the schedule provided * * *. Nothing in this act contained shall deprive an infant *under the age of* 16 [italics mine] of the right or rights now existing to recover damages in a common law or other appropriate action or proceeding for injuries received by reason of the negligence of his or her

master." *Pamph. L.* 1924, *ch.* 159, § 9. The above provisions thus saved to those "under the age of 16" the right to bring such an action at law as the present, though same was barred to minors generally. The above provisions were carried over substantially *verbatim* into the 1940 amendment to the Workmen's Compensation Act, which was in effect at the time of the accident here involved. *R. S.* 34:15–10; *N. J. S. A.* 34:15–10, as amended by *Pamph. L.* 1940, *ch.* 176, *p.* 539.

Clearly, this limitation to those under 16, twice appearing in the same amending act, expresses a definite legislative intent. Moreover, this specific intent as to the fixing of such age limit is made even more clear by the fact that but this year (1945), when the legislature amended the above double compensation clause to cover those under 18 instead of those under 16, it concurrently, and in the same section, amended the above saving clause to cover those under 18 instead of those under 16. Indubitably, the legislature specifically intended to save from its original bar against actions at law by both adults and minors, who came under the beneficent provisions of the Compensation Act, the rights of those under 16 and, today, under 18—the very ages where illegal employments are most apt to occur. But, by the same token, this saving clause saves from such general ban of the act, only such rights as it says, *i. e.,* the rights of those "under the age of 16." To reach any other conclusion would render utterly nugatory the express language of the legislature, twice repeated in the 1924 amendment, twice again repeated in the 1940 amendment, and twice again repeated, but with the age limit raised to 18, in the 1945 amendment. *Pamph. L.* 1945, *ch.* 74, § 4.

Nor are the decisions to the contrary. While there have been several decisions construing the above saving clause, everyone of them concerned minors under the age of 16, the very class which the statute expressly protected. *Damato* v. *De Lucia, supra; Terlingo* v. *Belz-Parr, Inc.* (*Court of Errors and Appeals*), 106 *N. J. L.* 221; 147 *Atl. Rep.* 480; *Zisko* v. *Travelers Insurance Co.* (*Court of Errors and Appeals*), 117 *N. J. L.* 366; 189 *Atl. Rep.* 389; *Mauthe* v. *B. & G. Service Station,* 5 *N. J. Mis. R.* 981; 139 *Atl. Rep.* 245.

None of such cases applies to minors over 16, the age of plaintiff here. It is of course improper to rip from their context a few words in such decisions and attempt to apply them authoritatively to the radically different state of facts here involved.

Nor does the language of the 1945 amendment to the above saving clause permit its application retroactively to the accident here involved, which occurred in 1943. *In re St. Michael's Church,* 76 *N. J. Eq.* 524, 532; 74 *Atl. Rep.* 491; *N. Y. S. & W. R. R. Co.* v. *Huebschman (Court of Errors and Appeals),* 111 *N. J. Eq.* 547, 550; 162 *Atl. Rep.* 767; *Allord* v. *Henry Muhs Co.,* 10 *N. J. Mis. R.* 1230; 163 *Atl. Rep.* 97; *affirmed (Court of Errors and Appeals),* 111 *N. J. L.* 237; 168 *Atl. Rep.* 298.

The rights of the father, obviously, can rise no higher than those of his son. *Buonfiglio* v. *Neumann & Co. (Court of Errors and Appeals),* 93 *N. J. L.* 174; 107 *Atl. Rep.* 285; *Hartman* v. *Unexcelled Manufacturing Co. (Court of Errors and Appeals),* 93 *N. J. L.* 418; 108 *Atl. Rep.* 357. Indeed, there are additional reasons why his right to sue at law is barred. *Hetzel* v. *Wasson Piston Ring Co., supra.*

The motion to strike the entire complaint is therefore granted.