19 N.J. Super. 460 (1952)
88 A.2d 685
JAMES C. GOETASKI, A MINOR BY HIS FATHER AND GUARDIAN AD LITEM, WALTER GOETASKI AND WALTER GOETASKI, IN HIS OWN RIGHT, PLAINTIFFS,
v.
CALIFORNIA PACKING CORPORATION, A CORPORATION OF THE STATE OF NEW YORK, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 24, 1952.
*461 Messrs. Carroll, Taylor and Bischoff (Mr. William G. Bischoff appearing), for the motion.
Mr. Horace G. Brown (Mr. Henry C. Wille appearing), contra.
WOODS, A.J.S.C.
This matter comes before us on a motion for an order striking the complaint in the above entitled cause on the following grounds:
1. The complaint does not state a claim upon which relief can be granted.
2. The plaintiffs' sole right of action is under and pursuant to the terms of the Workmen's Compensation Act.
*462 3. Plaintiffs are estopped from maintaining this action.
4. This court is without jurisdiction to afford relief to either the plaintiff, James C. Goetaski, or the plaintiff, Walter Goetaski, under the circumstances alleged in the complaint.
The facts, in brief, are as follows: The plaintiff, James C. Goetaski, was employed by the defendant in the summer of 1950 and worked on a conveyor belt. On September 11, 1950, while so engaged he sustained an accident arising out of and in the course of his employment, injuring his hand. The plaintiff was born on February 6, 1933, so that at the time of his accident he was but 17 years and 7 months old, although on his application for employment he gave his date of birth as February 6, 1932, indicating that he was on July 21, 1950, then over 18 years of age. No age and working certificate was submitted, nor did the employer request one. The defendant carried workmen's compensation insurance and the plaintiff received compensation at the statutory rate from September 25, 1950, until March of 1951. In addition thereto, the plaintiff, James C. Goetaski, was furnished, pursuant to the terms of the compensation act, and at the expenses of the compensation insurance carrier for the defendant establishment, medical treatments, including the services of physicians and surgeons, hospitalization and all incidental hospital services, physiotherapy and occupational rehabilitation therapy. On July 11, 1951, the plaintiff, James C. Goetaski, filed an employee's claim petition with the Workmen's Compensation Bureau by which he sought a judgment pursuant to the terms of the Workmen's Compensation Act against the defendant. Thereafter, on August 9, 1951, the defendant filed an answer to the claim petition, and on September 6, 1951, at the request of the plaintiff, an order was entered discontinuing the petition filed. No hearings had been held before the Workmen's Compensation Bureau, and there was never any adjudication, determination or judgment entered.
The present action is brought to recover damages by reason of personal injuries suffered by the plaintiff, James C. *463 Goetaski, a minor, and also damages suffered by his father, Walter Goetaski, in his own right, and the complaint is predicated upon the reservation of such a suit at law as set forth in R.S. 34:15-10 as amended by L. 1945, c. 74, p. 380, which reads in part as follows:
"Nothing in this chapter contained shall deprive an infant under the age of eighteen years of the right or rights now existing to recover damages in a common law or other appropriate action or proceeding for injuries received by reason of the negligence of his or her master."
In 1924 the Legislature sought to protect the interests of certain minors (those under the age of 16) by amending the Workmen's Compensation Act to include the saving clause hereinbefore quoted. This provision saved to those "under the age of sixteen" the right to bring such an action at law, though the same was barred to minors generally, and it was carried over into the 1940 amendment and by the 1945 amendment the age limit for the purpose of election of remedy was raised to 18.
In the case of Mauthe v. B. & G. Service Station, Inc., 139 A. 245, 5 N.J. Misc. 581 (Sup. Ct. 1927) the reasons urged for a new trial were that the court erred in refusing a non-suit.
"The grounds upon which the nonsuit was asked are that the respondent's remedy was under the Workmen's Compensation Act of 1911 and its amendments and supplements, and that the trial court was consequently without jurisdiction to hear the case. Joseph Mauthe was a minor of the age of 15 1/2 years, and therefore under the age of permissive employment, under the statute, in the service for which he was engaged. This being true, the common-law remedies of the administrator of his estate were not affected by the workmen's compensation acts. * * * But it is contended that chapter 159 of the Laws of 1924 (page 359) provides a statutory remedy in such case, which supersedes the common-law remedy. The difficulty with this contention is that the second section, par. 9 of the act, expressly provides that nothing in the act `shall deprive an infant under the age of sixteen of the right or rights now existing to recover damages in a common-law * * * action or proceeding for injuries received by reason of the negligence of his or her master.' We *464 think the result reached by the earlier decisions above cited are not intended to be modified by the statute in question."
See the case of Terlingo v. Belz-Parr, Inc., 106 N.J.L. 221, 147 A. 480 (E. & A. 1929), where the court held "by express legislative language the infant is not deprived of any rights which existed, either at common law or by virtue of any other appropriate action or proceeding." It cannot be questioned but that the Legislature specifically intended to save from its original bar against actions at law, by both adults and minors, the rights of those under 16, and, today, under 18. See Wilson v. Newark Smelting & Refining Co., Inc., 26 N.J. Misc. 51, 56 A.2d 619 (Comm. Pl. 1945).
We conclude the plaintiff did have the right of election of remedy.
Having elected to pursue his remedy under the Workmen's Compensation Act, can he voluntarily withdraw and discontinue such proceedings before hearing and adjudication, and come before this court in an action at law? In a situation such as this, there is no doubt that a minor employee up to and including the age of 18 years may elect to receive compensation for injuries sustained under the Workmen's Compensation Act, or in the alternative he may bring an action at common law for damages in cases where the accident was due to negligence, but he cannot do both. See Watson v. Stagg, 108 N.J.L. 444, 158 A. 820 (Sup. Ct. 1932). In this case, Justice Parker went on to say:
"In the case now before us there seems to be no question with regard to the jurisdiction of the Workmen's Compensation Bureau. The case is clearly within the language of the amendment of 1924 above quoted, and consequently in a case where the employment is not in violation of any provision of the Factory Act (Terlingo v. Belz-Parr, Inc., 106 N.J.L. 221, 147 A. 480) and the injured party has elected to resort to the Workmen's Compensation Act for his remedy and there has been an adjudication in his favor in that proceeding, it operates as a bar to further resort to the alternative provision of the statute permitting an action for damages."
But, at what juncture is he barred by his election from pursuing the other remedy? Is he estopped when he once makes *465 a choice and starts proceedings thereunder? Or, may he advance to any stage in the proceedings short of adjudication, and then change his mind?
"The authorities are in conflict as to whether, as a general proposition, a conclusive election of remedies is effected on the one hand by the mere commencement of a suit or on the other hand, only where the suit has been prosecuted to judgment or where elements of estoppel in pais, other than the mere commencement of the suit, are present * * *. This conflict appears to be due to various reasons: (1) one of these reasons is the fact that the courts frequently fail to distinguish between a choice of inconsistent substantive rights, afforded by law, with the result that the assertion of one, by suit or otherwise, results in the loss of the other, and a choice of inconsistent `remedies,' in the narrower sense, as to which the mere commencement of a suit pursuing one remedy should not, of itself, result in the loss of the other; * * * (4) The most important reason for the existing conflict is the fact that an attempt to ascertain whether, as an abstract proposition, the commencement of a suit is, of itself, a conclusive election precluding resort to an inconsistent right or remedy is, in reality, an attempt to beg the decisive question. The decisive question is not whether the commencement of a suit is, of itself, a conclusive election, but whether the different rights necessary to pursue different remedies are so inconsistent that the mere assertion of one, whether by judicial proceedings or otherwise, necessarily results in the loss of the other, as a matter of substantive law or fairness. This question cannot properly be answered in the abstract, but only with respect to particular rights and remedies. * * * The clearer it is in a particular situation that a choice between conflicting rights of a substantial nature is involved, the more the courts are inclined to hold the mere commencement of a suit to be a conclusive election, and, conversely, the clearer it is that only a choice between mere remedies of procedure is involved, the more are the courts inclined to hold the commencement of a suit is not, of itself, a conclusive election." 6 A.L.R.2d pp. 15, 16, 17.
However, in a number of cases in New Jersey it has been stated as a general proposition that the commencement of a suit or action is, of itself, a conclusive election precluding the plaintiff from thereafter pursuing a remedy inconsistent with the one first chosen. Blum Bldg. Co. v. Ingersoll, 99 N.J. Eq. 563, 134 A. 176 (Ch. 1926), affirmed on opinion below, 101 N.J. Eq. 291, 137 A. 916 (E. & A. 1927); Levy v. Massachusetts Accident Co., 124 N.J. Eq. 420, 2 A.2d 341 (Ch. 1938), affirmed on other grounds, 127 N.J. Eq. 49, *466 11 A.2d 79 (E. & A. 1940); Lizak v. Rottenbucher, 140 N.J. Eq. 76, 53 A.2d 362 (Ch. 1947). And it has also been expressly stated that no element of estoppel in pais is necessary to make the election conclusive. Adams v. Camden Safe Deposit and Trust Co., 121 N.J.L. 389, 2 A.2d 361 (Sup. Ct. 1938); Lizak v. Rottenbucher, supra.
But it should also be pointed out that in more or less exceptional cases the bringing of a suit may not constitute or evidence an election. Levy v. Massachusetts Accident Co., supra. To this end we cite 18 Am. Jur. 136, sec. 13: "The doctrine of election of remedies being predicated upon the existence of co-existing and inconsistent remedies, it follows as a necessary corollary that not every election of remedies is irrevocable, for two or more remedies are often given to redress the same wrong, and are, therefore, concurrent." And also: "Where the remedies afforded are inconsistent, it is the election of one that bars the other, but where they are consistent, it is the satisfaction that operates as a bar." And Vice-Chancellor Leaming in the case of VanBuren v. Fine, 101 N.J. Eq. 373, 139 A. 486 (Ch. 1927), said:
"There appears to be no dissent to the general doctrine that, in order that the commencement of an action at law or a suit in equity, which is not prosecuted to judgment or decree, and which results in no benefit to the prosecuting party or detriment to the defendant, shall have the effect to bar any other remedy the prosecuting party may have, the remedies must proceed from apposite and irreconcilable claims of right and must be so opposite or inconsistent that a party cannot logically assume to follow one without renouncing the other."
And in the case of Kertesz v. Feldheim, 6 N.J. Misc. 10, 139 A. 704 (Sup. Ct. 1927), the court cited 20 C.J., p. 11: "It is the inconsistency of the demand which makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of actions are different." We should like to cite also the case of Frederickson v. Nye, 110 Ohio St. 459, 144 N.E. 299 (Ohio Sup. Ct. 1924), cited in 35 A.L.R. 1166-1167, wherein there is a discussion of the distinction between the election *467 of remedial rights and the election of remedies. There the court said:
"An election of remedies or forms of action or procedure does not necessarily involve a choice as between two existing substantive rights. A form of action or remedy is but a means of administering justice rather than an end in itself. There is, therefore, a marked distinction between an election between remedies or forms of action and an election of remedial rights. One goes to the substance and the other to the form. Where the remedies afforded are inconsistent, it is the election of one that bars the other; where they are consistent, it is the satisfaction which operates as a bar. It is the inconsistency of the demands that makes the election of one remedial right an estoppel against the assertion of the other, and not the fact that the forms of action are different."
In the case before us, the plaintiff was given by the statute a choice between two remedies  two courses of procedure, the right to elect to claim damages or compensation from his employer. His rights were not inconsistent. The remedies were alternative and concurrent, and one is not repugnant to or in conflict with the other.
We have before us the affidavit of James C. Goetaski, the minor plaintiff, in which he states:
"6. I have received payments on account of temporary disability totaling I believe $675.00, and sometime following the receipt of the last payment on account of temporary disability that I received, I consulted the office of Horace G. Brown and spoke with Henry C. Wille, one of his associates with reference to my case, and thereafter at his suggestion, on July 12, 1951, I filed a petition seeking benefits under the Workmen's Compensation Act of New Jersey. Following the filing of the above petition, I again consulted with Henry C. Wille, and he then advised me that I would have the right to elect whether to seek benefits under the Workmen's Compensation Laws of the State of New Jersey, or to proceed in an action at law for damages. As a result of his explanation to me, I requested that the compensation proceedings be dropped and accordingly an order bearing date of September 6, 1951, was entered in the New Jersey Workmen's Compensation Bureau, Department of Labor and Industry, discontinuing the said proceedings; that thereafter I authorized my said attorney to institute an action at law on my behalf for the injuries sustained on September 11, 1950.
7. Prior to my consultation with Mr. Wille following the filing of the claim petition, I did not know that I had a right to institute a *468 suit at law for recovery of damages for the injury that I had sustained. * * *"
There has also been filed with this court the affidavit of Henry C. Wille, the plaintiff's attorney, alleging as follows:
"Thereafter, the defendant on August 9, 1951, filed an answer to the claim petition. Following the filing of the answer to the claim petition, I made further inquiry and investigation concerning the rights of the minor plaintiff and determined that by reason of the minority of the plaintiff at the time of the injury, and the statutory provision in the Compensation Act that reserved to one under the age of 18 years the right to election, whether to pursue a common law action or to proceed with a formal claim in the Division of Workmen's Compensation, that the plaintiff herein could institute a common law action since no formal determination or hearing had been held in the Workmen's Compensation Bureau."
We can only conclude that the plaintiff withdrew his petition seeking benefits under the Workmen's Compensation Act because he believed his chances for recovery were better in a suit at law and that he felt he had made a tactical error in filing his claim under the act. But the facts and circumstances of this particular case, have given him the right under the law to make an election of form of action of procedure, and the choice of one alternative, concurrent remedy does not estop him from proceeding with the other, especially since there has been no adjudication in favor of the minor under the Workmen's Compensation Act. True it is that he personally received benefits in the form of temporary disability compensation, and as set forth by John E. Rebman, on affidavits filed on the motion presented to this court. The affidavit states that 27 payments were made to James C. Goestaski and that the insurance carrier paid considerable sums for medical, hospital and rehabilitation services. In passing over this point, the court refers to the case of Volpe v. Hammersley Mfg. Co., 96 N.J.L. 489, 115 A. 665 (E. & A. 1921) and particularly to paragraph 5 on p. 667:
"We are unable to agree with the suggestion that the acceptance of sums of money from time to time (which may have been the amount that would have been due under the Workmen's Compensation *469 Act, if that had been applicable) estops the plaintiff from collecting damages on his common-law right of action. The doctrine of estoppel, if otherwise applicable, ought not to be so applied as to make it possible for the parties to over-ride the legislative policy. Fair v. Weil, 92 N.J.L. 610, 106 A. 402."
As to the last point argued by counsel for the California Packing Company, the court feels that this situation and action by the father, Walter Goetaski, may well be met on a trial of the cause, and that such payments as have already been made voluntarily may be shown that the father is not entitled to any relief in his own right.
The motion to strike the complaint is denied.