PHILIP A. PAPPANO, JR., PLAINTIFF-RESPONDENT, v. SHOP RITE OF PENNINGTON, INC., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 20, 1986—Decided November 6, 1986.

Before Judges J.H. COLEMAN and R.S. COHEN.

*Harry R. Hill, Jr.* argued the cause for appellant (*Backes, Waldron & Hill,* attorneys; *Harry R. Hill, Jr.,* of counsel and *Brenda F. Engel,* on the brief).

*John A. Sakson* argued the cause for respondent (*Stark & Stark,* attorneys; *John A. Sakson,* of counsel and on the brief).

The opinion of the court was delivered by

R.S. COHEN, J.A.D.

Plaintiff Philip A. Pappano, Jr., was employed by defendant Shop Rite of Pennington, Inc. He suffered a compensable injury on the job eleven days before his eighteenth birthday. He accepted voluntarily paid workers' compensation benefits and then filed a claim petition in the Division of Workers' Compensation. Subsequently, but before any adjudication in the Division, plaintiff filed a common law personal injury action against his employer, which moved for summary judgment on the thesis that plaintiff's acceptance of benefits and filing of a claim petition in the Division, both after his eighteenth birthday, was an election of remedies which barred the common law action. The Law Division denied summary judgment; we granted leave to appeal, and now affirm.

Employment contracts embody an election whether to accept the statutory elective compensation system afforded by *N.J.S.A.* 34:15–7 *et seq.* for work injuries or to opt for the remedy of common law suit, as modified by *N.J.S.A.* 34:15–1 and 2. Employees under such contracts are presumed to elect the statutory benefits unless there is a written expression to the contrary, *N.J.S.A.* 34:15–9, and the election of statutory benefits constitutes a surrender of the common law remedy. *N.J.S.A.* 34:15–8.

Persons who suffer work injury before age eighteen have special benefits under *N.J.S.A.* 34:15–10. Among them is the right to make or alter the election of remedy after injury. *National Grange Mutual Ins. Co. v. Schneider,* 162 *N.J. Super.* 227, 231 (Law Div.1978). *N.J.S.A.* 34:15–10 provides:

Nothing in this chapter contained shall deprive an infant under the age of 18 years of the right or rights now existing to recover damages in a common law or other appropriate action or proceeding for injuries received by reason of the negligence of his or her master.

In this case, plaintiff's injury occurred just before his eighteenth birthday. He received statutory benefits both before and after his birthday. After reaching eighteen, plaintiff received and retained medical benefits; payments for temporary disability, and payments toward defendant's evaluation of plaintiff's permanent disability, made after plaintiff submitted to a medical examination requested by defendant. All of the payments were made by defendant voluntarily and without any action by the Division of Workers' Compensation. Also after reaching eighteen, plaintiff filed his claim petition with the Division.

■■ We disagree with defendant that plaintiff's accepting benefits and filing a claim petition constitutes an election of remedy which bars maintenance of his common law action. Rather, we hold that accepting voluntarily paid benefits and filing a claim petition, even after age eighteen, does not constitute a binding election of statutory benefits. Such an election is binding only after a determination has been made by the

Division of Workers' Compensation entitling the worker to statutory benefits.

The law of New Jersey has never been to the contrary. In *Volpe v. Hammersley Mfg. Co.*, 96 *N.J.L.* 489, 491 (1921), the Court of Errors and Appeals held that a child who was injured while less than sixteen years old was not barred from pursuing a common law damage action by his acceptance of money from time to time from his employer in amounts that would have been due under the statute, if applicable. In *Watson v. Stagg*, 108 *N.J.L.* 444 (Sup.Ct.1932), the minor worker was held to be barred from a common law action because he not only sought statutory benefits but had already received an adjudication in his favor in that proceeding. We reached the same conclusion in *Balogh v. Ladanye*, 59 *N.J.Super.* 132 (App.Div.1960). *See also Seltzer v. Isaacson*, 147 *N.J.Super.* 308 (App.Div.1977). In *Damato v. DeLucia*, 110 *N.J.L.* 380 (E. & A. 1933), the reverse situation was presented, and a worker who had received an award of damages in a civil action was held barred from pursuing a statutory remedy.

*Goetaski v. California Packing Corp.*, 19 *N.J.Super.* 460 (Law. Div.1952) was very much like the present case. The worker was held not barred from pursuing a common law action for damages by his accepting partial statutory payments and filing a claim petition. The Law Division correctly reasoned that filing of one claim should not ordinarily bar the claimant from pursuing another remedy unless it is inconsistent with the one first chosen. The court concluded:

> ... the plaintiff was given by the statute a choice between two remedies—two courses of procedure, the right to elect to claim damages or compensation from his employer. His rights were not inconsistent. The remedies were alternative and concurrent, and one is not repugnant to or in conflict with the other. [19 *N.J.Super.* at 467].

The same reasoning was employed in *Chickachop v. Manpower, Inc.*, 84 *N.J.Super.* 129 (Law Div.1964). There, however, the worker had sought and obtained an order from the Division of Workers' Compensation requiring his employer to furnish a

surgical procedure and pay for his temporary disability. Even though the extent of permanent disability was not yet fixed at the time, the Law Division held that the worker's election to pursue statutory remedies was then irrevocable and barred a civil action for damages.

The rule that has developed from these cases is a sound one. Accepting statutory benefits and filing a statutory claim petition does not assert facts or postures contrary to or at variance with the injured worker's common law rights. It merely pursues one of two remedies afforded by the law for the same factual situation. The employer does not detrimentally rely on the position initially taken by the worker, and suffers no harm from a subsequent change in the worker's position.[1] Only when the worker actually secures one remedy by judgment or order is he barred from pursuing the other.

Affirmed.

---

[1]The amounts voluntarily paid by defendant's workers' compensation insurance carrier are reimbursable out of any common law recovery against defendant. *See N.J.S.A.* 34:15–40; *Danesi v. American Mfrs. Mut. Ins. Co.,* 189 *N.J.Super.* 160 (App.Div.1983).