**LARCHMONT FARMS, INC., Petitioner,**

v.

**Jose PARRA, Respondent.**

No. 96–0202.

Supreme Court of Texas.

Feb. 21, 1997.

Michael G. McLean, Joseph L. Hood, Jr., El Paso, for petitioner.

George A. McAlmon, David Hilton, El Paso, for respondent.

PER CURIAM.

In this case we consider whether the court of appeals erred in refusing, on public policy grounds, to enforce a New Jersey law that is substantially similar to our own exclusive remedy provision. 932 S.W.2d 68. We conclude that the court of appeals had no valid public policy basis to refuse to enforce the New Jersey provision under this state's choice of law principles. We further disagree with the court of appeals' conclusion that the employer did not trigger the provisions of the New Jersey law by its delay in filing an occupational injury report with the New Jersey Workers' Compensation Division. We therefore reverse the judgment of the court of appeals and render judgment that the plaintiff take nothing.

Larchmont Farms, Inc., a New Jersey corporation, recruited and hired Jose Parra, an El Paso resident, to work on Larchmont's peach farm in New Jersey. In August 1990, Parra was injured on the job. Larchmont filed a notice of injury of Parra's accident with the New Jersey Workers' Compensation Division in April 1991, several months late. Parra then filed a claim with the New Jersey Workers' Compensation Division. While the claim was pending, Larchmont's compensation insurance carrier paid all of Parra's medical expenses that accrued in New Jersey. However, it did not pay any disability claims. In February 1992, Parra's Texas-based attorney notified the New Jersey Workers' Compensation Division that Parra was electing to proceed under the Texas Workers' Compensation Act rather than New Jersey's. When Parra's accident occurred, however, the Texas statute did not cover farm laborers. *See* TEX.REV.CIV. STAT. ANN. art. 8306 § 2, *repealed by* Acts 1989, 71st leg., 2nd C.S., ch.1 § 16.01(7)–(9), eff. Jan. 1, 1991.

In March 1992, Larchmont filed a motion to dismiss Parra's New Jersey claim because Parra had failed to appear for an independent medical examination scheduled for him in New Jersey. A New Jersey Judge of Compensation granted Larchmont's motion two months later. Meanwhile, in April 1992, Parra had filed a common law negligence suit in El Paso County. The trial court granted Larchmont's motion for summary judgment on the basis that the New Jersey Workers' Compensation Act's exclusive remedy provision barred Parra's cause of action. Parra appealed, arguing that as an out-of-state Texas employee under the Texas Workers' Compensation Act, he had a remedy against Larchmont in Texas. Although the court of appeals expressly rejected Larchmont's ar-

guments that either the doctrine of election of remedies, the Full Faith and Credit Clause of the United States Constitution, or the doctrine of comity barred Parra's Texas action, 932 S.W.2d at 72, the court nevertheless held that New Jersey law applied under the "most significant relationship" conflict of laws test. *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex.1979). Instead of applying New Jersey's exclusive remedy clause [1] to affirm the trial court's judgment, the court of appeals, on its own motion, abated its judgment for sixty days to allow Parra to reinstate his claim in New Jersey. 932 S.W.2d 68. The court reasoned, "[w]hile we are constrained to apply Texas procedural laws and rules, even when considering the substantive law of a sister State, we can fashion what we believe is an appropriate remedy." 932 S.W.2d 68.

When neither Parra nor Larchmont sought to have the claim reinstated after sixty days, the court issued a final opinion, holding that Parra was indeed entitled to a trial on his negligence cause of action under Texas law. While recognizing that New Jersey law applied, the court concluded, "In the face of undisputed facts that Larchmont failed to abide by its statutory obligations under the New Jersey Worker's Compensation Act to 'accept the provisions' of that statute, we decline, in the interests of justice and public policy, to find an irrebuttable presumption that there was 'an election surrender' of Parra's common law action."

In its sole point of error, Larchmont complains that the court of appeals erred in holding that Larchmont's delay in filing the employer's notice of injury prohibited enforcing the exclusive remedy provision of the New Jersey Workers' Compensation Act. Once the court of appeals correctly deter-

---

1. N.J. STAT. ANN. 34:15–8 provides: "Such agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee ... as well as the employer, and those conducting the employer's business during bankruptcy or insolvency."

The referenced agreement is described in Sec. 34:15–9 as follows: "Every contract of hiring ... shall be presumed to have been made with reference to the provisions of this article, and unless there be as a part of such contract an express statement in writing prior to any accident, either in the contract itself or by written notice from either party to the other, that the provisions of this article are not intended to apply, then it shall be presumed that the parties have accepted the provisions of this article and have agreed to be bound thereby."

mined that New Jersey law applied, it contends, there was no valid public policy reason not to apply that state's exclusive remedy provision.

We agree, and Parra does not contend otherwise, that New Jersey law applies for the reasons so carefully articulated by the court of appeals. However, we disagree with the court of appeals' judgment for two reasons.

First, under New Jersey law, an employer's status as a subscriber to the workers' compensation system is determined when it hires an employee. *See* N.J. STAT. ANN. § 34:15–9 (West 1990). While Larchmont's failure to file an injury report in a timely manner may subject it to an administrative fine, no provision of the statute deprives it of the protections of the workers' compensation law. *See* N.J. STAT. ANN. § 34:15–101 (West 1990).

■ Second, the court of appeals misapplied this state's public policy doctrine. The basic rule is that a court need not enforce a foreign law if enforcement would be contrary to Texas public policy. *See Gutierrez,* 583 S.W.2d at 321; *Castilleja v. Camero,* 414 S.W.2d 424, 427 (Tex.1967); *California v. Copus,* 158 Tex. 196, 309 S.W.2d 227, 232 (1958), *cert. denied,* 356 U.S. 967, 78 S.Ct. 1006, 2 L.Ed.2d 1074 (1958). As this Court said in *California v. Copus:*

> To justify a court in refusing to enforce a right of action which accrued under the law of another state, because against the policy of our laws, it must appear that it is against good morals or natural justice, or that for some other such reason the enforcement of it would be prejudicial to the general interests of our own citizens.

*Copus,* 309 S.W.2d at 232 (quoting *Herrick v. Minneapolis & St. L. Ry. Co.,* 31 Minn. 11, 16 N.W. 413, 414 (1883)).

■ In this case, both states have articulated their policies in their exclusive remedy provisions. Both New Jersey and Texas have an interest in maintaining a stable workers' compensation system which binds employer and employee. *See* N.J. STAT. ANN. § 34:15–8; TEX.REV.CIV. STAT. ANN. art. 8306 § 3a, *repealed by* Acts 1989, 71st leg., 2nd C.S., ch.1 § 16.01(7)–(9), eff. Jan. 1, 1991; TEX. LAB.CODE §§ 406.002, 406.031, 406.034. Both New Jersey and Texas have an elective system that protects subscribers to the workers' compensation system by providing for workers' compensation as the employee's exclusive remedy. *See* N.J. STAT ANN. §§ 34:15–8, 34:15–9; TEX.REV.CIV. STAT. ANN. Art. 8306 § 3a, *repealed by* Acts 1989, 71st leg., 2nd C.S., ch.1 § 16.01(7)–(9), eff. Jan. 1, 1991; TEX. LAB.CODE § 406.034. As both Texas and New Jersey have expressed similar policy reasons for making recovery for workplace injuries predictable, there is no policy ground for refusing to enforce the New Jersey law.

■ The court of appeals concluded that Larchmont may not have been acting with pure intentions in dealing with Parra.[2] Even if the court of appeals were correct, however, we cannot circumvent settled choice of law standards by using the public policy doctrine as an excuse to reach a more equitable remedy. The Legislature has already balanced the interests in favor of and against an exclusive remedy policy and has decided to promulgate it. It is not our province to abrogate this policy choice. As Parra failed to pursue his workers' compensation claim in New Jersey, we reverse the judgment of the court of appeals and render judgment that Parra take nothing.

---

**2.** The court of appeals was "left with the distinct impression that Parra's entitlement to worker's compensation benefits under the laws of New Jersey was unjustly, if not improperly circumvented." The court observed:

> It is undisputed that Larchmont failed to comply with its obligation under the New Jersey Statute to timely report Parra's accident. It is clear from the record that Parra's New Jersey

Workers' Compensation claim was contested by Larchmont and that Parra's claim was ultimately dismissed by his failure to undergo a medical examination many months after he had returned to El Paso. It was conceded at oral argument that the medical examination was scheduled for a physician in New Jersey. It is clear from the record that Parra never received any worker's compensation benefits except for payment of some medical expenses.