Mack M. WAGNER, Appellant,

v.

HUGHES WOOD PRODUCTS, INC., and Bailey Wagner, Appellees.

No. 09–96–259CV.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 8, 1998.

Decided Nov. 19, 1998.

Rehearing Overruled Dec. 10, 1998.

Terry Wood, Crutchfield, DeCordova & Chaveaux, Beaumont, George E. Chandler, Lufkin, Gilbert Adams, Jr., Law Offices of Gilbert T. Adams, Beaumont, for appellant.

Robert T. Cain, Jr., Zeleskey, Cornelius, Hallmark, Roper & Hicks, Lufkin, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

This appeal arises from a personal injury suit filed by Mack Wagner (appellant) against Hughes Wood Products, Inc. (Hughes) and Bailey Wagner (Wagner). The trial court granted Hughes' and Wagner's joint motion for summary judgment. Appel-

lant claims the trial court erred in granting the motion.

■ The standards for reviewing the granting of a motion for summary judgment are well established. The movant for summary judgment has the burden of showing there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co., Inc.,* 690 S.W.2d 546, 548 (Tex. 1985). Evidence that .favors the non-movant will be taken as true in determining whether a material fact issue exists. *Id.* at 548–49. Every reasonable inference will be indulged in favor of the non-movant and any doubts resolved in his favor. *Id.* at 549. If a defendant moves for summary judgment on the basis of an affirmative defense, he must conclusively prove all essential elements of that defense. *McKellar v. Marsac,* 778 S.W.2d 573, 576 (Tex.App.—Houston [1st Dist.] 1989, no writ)(citing *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972)).

The trial court did not specify upon which of several grounds summary judgment was granted. Therefore, if any of the grounds alleged in Hughes' and Wagner's motion for summary judgment are meritorious, the summary judgment will be affirmed. *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995); *Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989). Hughes and Wagner moved for summary judgment on two bases: (1) that under Louisiana law they are both immune, and (2) that under Texas law, workers' compensation is appellant's exclusive remedy. Thus we initially address choice of law.

■ The issue of which state's law applies is generally a question of law resolved by a *de novo* review of the record. *Minnesota Min. and Mfg. Co. v. Nishika Ltd.,* 955 S.W.2d 853, 856 (Tex.1996). In evaluating choice-of-law issues, we consider the facts of the case under the "most significant relationship" test. *Minnesota Min. and Mfg. Co. v. Nishika Ltd.,* 953 S.W.2d 733, 735 (Tex.1997). In a tort case, we determine which state has the most significant relationship to the occurrence and the parties by considering the following factual matters:

• where did the injury occur;

• where did the conduct causing the injury occur;

• what is the domicile, residence, nationality, place of incorporation and place of business of the parties; and

• where is the relationship between the parties centered.

*Parra v. Larchmont Farms, Inc.,* 942 S.W.2d 6, 12 (Tex.App.—El Paso 1996), *rev'd on other grounds, Larchmont Farms, Inc. v. Parra,* 941 S.W.2d 93 (Tex.1997)(The Texas Supreme Court expressly agreed with the El Paso opinion on its resolution of the choice of law issue).

Here, appellant is domiciled in Newton, Texas. He was recruited in Texas to haul logs from Louisiana to a mill in Texas owned by Hughes. Hughes is a Texas corporation with its home office and principal place of business in Newton, Texas. Appellant was injured on the job while driving a skidder when a tree crushed his foot. The skidder was purchased in Texas by Wagner and all of its parts were purchased from distributors in Texas. Wagner also resides in Texas. It is undisputed that the injury occurred in Louisiana. Appellant received emergency treatment in Louisiana and then returned to Texas where all other medical treatment took place.

■ Numerically, the contacts certainly weigh in favor of applying Texas law. However it is not the number of contacts that is determinative, but the quality of the particular contacts. *Parra,* 942 S.W.2d at 13 (citing *State Nat'l Bank v. Academia, Inc.,* 802 S.W.2d 282, 290–91 (Tex.App.—Corpus Christi 1991, writ denied); *Gutierrez v. Collins,* 583 S.W.2d 312, 319 (Tex.1979)). Considering all the contacts set forth above, we are convinced that under the most significant relationship test it is Texas law that should apply.

■ Our inquiry does not end here, however. We also evaluate the above contacts in relation to certain policy factors:

• the needs of interstate and international systems;

• the relevant policies of the forum;

• the relevant policies of other interested states and the relative interests of those states in determining the particular issue;

• the protection of justified expectations;

• the basic policies underlying the particular field of law;

• certainty, predictability and uniformity of result; and

• ease in the determination and application of the law to be applied.

*Minnesota Min. and Mfg. Co.*, 953 S.W.2d at 736; *see also Maxus Exploration Co. v. Moran Bros., Inc.*, 817 S.W.2d 50, 57 (Tex.1991). Hughes and Wagner argue that these factors are all satisfied by applying Louisiana law. We disagree.

There is no contention that the needs of interstate and international systems are implicated in this case and we are aware of none. Likewise, Hughes and Wagner do not contend the certainty, predictability and uniformity of result would be affected. In fact, in their motion for summary judgment, they contend that under either state's law, the exclusive remedy provision renders them immune from suit.

The relevant policies of Texas and Louisiana, as well as other states, which underlie workers' compensation insurance, weigh evenly in both Texas' and Louisiana's favor. As Hughes and Wagner acknowledge, Louisiana's workers' compensation system is not contrary to Texas public policy, rather it is in accord with Texas' policy as the marked similarities between the two systems demonstrates. The factor of ease in the determination and application of the law to be applied also weighs evenly in favor of both states.

However, the protection of justified expectations weighs heavily in favor of applying Texas law. Appellant is a Texas resident, recruited in Texas to work for a Texas corporation using equipment purchased in Texas to bring logs from Louisiana into a Texas mill. Given the number and relative importance of the Texas contacts, the parties could have anticipated Texas law would govern any

litigation. Hughes and Wagner do not argue, and certainly have not established, any reasonable expectation that Louisiana law would control an action arising out of these contacts. In deciding which state's law will govern, all relevant factors must be evaluated. On balance, those factors require applying Texas law to this case.

Our evaluation of the policy factors and the parties' contacts with Texas and Louisiana lead us to conclude that Texas law applies to the present case. Accordingly, the trial court could not properly have granted summary judgment on the basis that under Louisiana law, both Hughes and Wagner are immune from suit.

■ Next, we address Hughes' and Wagner's second ground, that under Texas law, workers' compensation is appellant's exclusive remedy. The exclusive remedy provision of the Texas workers' compensation statute only applies to an employer who subscribes. TEX. LAB.CODE ANN. § 408.001 (Vernon 1996). Appellant argues there is no summary judgment evidence establishing employer status. Hughes and Wagner contend appellant's pleadings asserting he "was employed by Defendants, HUGHES WOOD PRODUCTS, INC. and/or BAILEY WAGNER, individually and as Agent and Representative of HUGHES WOOD PRODUCTS, INC." constitutes a judicial admission thereby obviating the need for them to prove employer status.

■ "Assertions of fact, *not pled in the alternative,* in the live pleadings of a party are regarded as formal judicial admissions." *Houston First Am. Sav. v. Musick,* 650 S.W.2d 764–67 (Tex.1983). *See also Vela v. City of McAllen,* 894 S.W.2d 836, 839 (Tex. App.—Corpus Christi 1995, no writ); *Manahan v. Meyer,* 862 S.W.2d 130–33 (Tex. App.—Houston [1st Dist.] 1993, writ denied). We find appellant's pleadings do not constitute a judicial admission as he pleaded in the alternative.[1] Consequently, there is no sum-

1. As Hughes and Wagner declined to brief this issue, we are without the benefit of their argument on this issue under Texas law. They do argue that under Louisiana law it is irrelevant which is the employer; thus the fact that the pleadings are in the alternative would likewise be irrelevant. As we are not applying Louisiana law, this argument is not pertinent.

mary judgment evidence establishing employer status.

Further, Hughes and Wagner admit they do not carry Texas workers' compensation insurance. Hughes and Wagner provide this court with no authority, nor did they provide the trial court with any, whereby nonsubscribers are permitted to invoke the exclusive remedy provision of the Texas workers' compensation statute.

Accordingly, we find Hughes and Wagner have failed to establish as a matter of law that they are entitled to the protection of the exclusive remedy provision of the Texas workers' compensation statute. Thus, the trial court could not have granted summary judgment on that basis.

Having found neither of the grounds upon which Hughes and Wagner moved for summary judgment to be meritorious, we determine the trial court erred in granting summary judgment. The judgment of the trial court is reversed and the cause remanded.

REVERSED AND REMANDED.