

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00185-CR

_____

MONTRELL EDWARD BOWSER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 7th Judicial District Court
Smith County, Texas
Trial Court No. 007-0047-10

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

In Smith County,[1] Texas, Montrell Edward Bowser was indicted for the aggravated robbery of a convenience store. He pled not guilty. At the conclusion of voir dire, the State exercised four peremptory challenges, striking the only four African Americans among the potential jurors. Bowser objected to three[2] of the strikes, arguing that the State struck the jurors because of their race, thereby violating *Batson v. Kentucky*, 476 U.S. 79 (1986). After a hearing, the trial court denied Bowser's *Batson* challenge and seated the jury.

During closing arguments of the guilt/innocence phase of the trial, the State mentioned "more aggravated robberies." Bowser objected to the reference and moved for an instruction to disregard as well as a mistrial. The trial court sustained the objection and instructed the jury to disregard the statement. However, the trial court overruled Bowser's motion for mistrial. The jury found Bowser guilty and assessed a sentence of forty years' imprisonment.

On appeal, Bowser contends that the trial court erred in: (1) denying his *Batson* motion; and (2) overruling his motion for mistrial.

We affirm the trial court's judgment because: (1) the trial court was within its discretion to deny the *Batson* challenge; and (2) the State's argument was a plea to law enforcement.

---

[1]This case was transferred to this Court from the Tyler Court of Appeals as part of the Texas Supreme Court's docket equalization program. We are not aware of any conflict between the precedent of the Tyler Court and the precedent of this Court on any issue relevant in this appeal. *See* TEX. R. APP. P. 41.3.

[2]The State struck jurors number 18, 21, 28, and 33; however, juror number 33 was not identified in Bowser's *Batson* challenge, presumably because the jury was seated from the first thirty-two venirepersons.

*The Trial Court Did Not Err in Overruling Bowser's* Batson *Challenge*

After voir dire, among the State's strikes were jurors number 18, 21, and 28, all of whom were African American. Bowser, who is African American, objected and argued that the State struck the jurors because of their race, thereby violating *Batson*. After a hearing, the trial court denied Bowser's *Batson* challenge and seated the jury. In his first point of error, Bowser argues that the trial court erred in denying his *Batson* challenge.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution prevents the exercise of peremptory strikes based on a prospective juror's race. *Batson*, 476 U.S. 796; *Guzman v. State*, 85 S.W.3d 242, 245 (Tex. Crim. App. 2002); *Splawn v. State*, 160 S.W.3d 103, 114 (Tex. App.—Texarkana 2005, pet. ref'd); *see* TEX. CODE CRIM. PROC. ANN. art. 35.21 (West 2006).

Once a *Batson* challenge is raised, the trial court engages in a three-step inquiry. *Purkett v. Elem*, 514 U.S. 765, 767–68 (1995); *Ford v. State*, 1 S.W.3d 691, 693 (Tex. Crim. App. 1999); *Montgomery v. State*, 198 S.W.3d 67, 76 (Tex. App.—Fort Worth 2006, pet. ref'd). Under the first step, the person raising a *Batson* challenge is required to make a prima facie showing of racial discrimination. *Ford*, 1 S.W.3d at 693; *Montgomery*, 198 S.W.3d at 76. Once that prima facie showing is accomplished, the burden shifts to the State to present a racially neutral reason for the challenged jury strikes. *Ford*, 1 S.W.3d at 693; *Montgomery*, 198 S.W.3d at 76. Third, and finally, once the State's reason is proffered, the burden of persuasion shifts back and the person

3

raising the challenge must then convince the court that the reason given by the State was not race-neutral and was merely pretext for concealing discrimination. *Ford*, 1 S.W.3d at 693 (citing *Purkett*, 514 U.S. at 767–68).

We review the evidence relevant to the *Batson* challenge in the light most favorable to the trial court's ruling. *Cantu v. State*, 842 S.W.2d 667, 689 (Tex. Crim. App. 1992); *Roberts v. State*, 963 S.W.2d 894, 899 (Tex. App.—Texarkana 1998, no pet.). A high degree of deference is given to the trial court, who is in the best position to determine if the State's facially neutral explanation for a peremptory strike is genuine. *Splawn*, 160 S.W.3d at 114 (citing *Jasper v. State*, 61 S.W.3d 413, 421–22 (Tex. Crim. App. 2001)). Thus, a "clearly erroneous" standard of review is applied to the trial court's decision to overrule a *Batson* challenge. *Hernandez v. New York*, 500 U.S. 352, 369 (1991); *Splawn*, 160 S.W.3d at 114 (citing *Gibson v. State*, 144 S.W.3d 530, 534 (Tex. Crim. App. 2004)). A finding is clearly erroneous where the reviewing court "is left with the definite and firm conviction that the trial court committed a mistake." *Roberts*, 963 S.W.2d at 899.

During voir dire, the State went row by row and asked the jurors to raise their cards "if [they] believe the purpose behind sentencing somebody is to punish them, [even] if it's a little more than rehab[ilitation]." The records show that the State identified, by number, each potential juror that raised their card. The challenged strikes, venirepersons number 18, 21, and 28 were among those that did not raise their cards.

4

During the *Batson* hearing, the trial court took judicial notice that Bowser was African American. There was no dispute that the struck jurors were also African American and that the strikes left the venire panel devoid of African American jurors. The trial court found that Bowser had made a prima facie showing of racial discrimination. The State argued that the challenged strikes, venirepersons number 18, 21, and 28, were struck because they believed that rehabilitation was the primary goal of the sentencing phase of the trial. The State pointed out several other, nonminority, venirepersons that it struck for providing the same answer. In addition, the State proffered that venireperson number 21 was "single, had no children," and "would be the only person in the strike line that met any of those criteria." The State also argued that venireperson number 28 put "nothing" in the employment blank of the jury questionnaire.

The trial court found that the State offered race-neutral reasons for striking the three venirepersons. In rebuttal, Bowser contended that the State could not have concluded that these three venirepersons were "rehabilitators," because the State never specifically asked which jurors believed sentencing was primarily for rehabilitation. He argued that the State's stated reason for the strikes was improper because it was not based upon any affirmative answer, but rather, was based upon their silence. After the hearing, the trial court found that Bowser failed to overcome or rebut the State's race-neutral reasons for the three strikes and denied the *Batson* challenge.

In *Montgomery* and *Victor*, our sister courts found that "a veniremember's belief in rehabilitation as the primary goal of punishment is a race-neutral reason for the exercise of a

5

peremptory challenge." *Montgomery*, 198 S.W.3d at 76; *Victor v. State*, 995 S.W.2d 216, 222 (Tex. App.—Houston [14th Dist.] 1999, pet. ref'd). We conclude that the trial court's finding (i.e., that the State proffered a sufficient race-neutral reason for striking venirepersons 18, 21, and 28 and that Bowser failed to meet his burden of persuasion to demonstrate otherwise) was not clearly erroneous. *See Splawn*, 160 S.W.3d at 115. Accordingly, we overrule this point of error.

*The State's Argument Was a Plea to Law Enforcement*

During closing arguments of the guilt/innocence phase of the trial, the State made the following argument:

> And I'd submit to you that no case is more obvious than this one. Because if you use your common sense and follow the law, he's guilty. The only way he walks out that door to commit more aggravated robberies is to leave that to the side.

Bowser objected, arguing that the State's argument was improper, specifically the references to Bowser's "alleged future actions." Bowser also requested an instruction to disregard. The trial court sustained the objection, and instructed the jury to disregard the State's last statement. Bowser then moved for a mistrial, which the trial court denied.

In his second point of error, Bowser argues that the trial court erred by denying his motion for mistrial.

Prosecutorial jury argument is permissible if it falls within one of the following categories: (1) summation of the evidence; (2) reasonable deduction drawn from the evidence; (3) answer to argument of opposing counsel; and (4) a plea for law enforcement. *Shannon v. State*, 942 S.W.2d

6

591, 597 (Tex. Crim. App. 1996). If the State's argument is improper, falling outside the permissible four categories, we examine for harm, balancing three factors: (1) the severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's argument); (2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the court); and (3) the certainty of conviction absent the misconduct (strength of the evidence supporting the conviction).[3] *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). [4]

The threshold issue is whether or not the State's argument was improper, and as the State's remarks are clearly not a summation of the evidence, a reasonable deduction drawn from the evidence, or an answer to argument of opposing counsel, we examine whether the State's argument amounted to a plea for law enforcement. The State may make a proper plea for law enforcement, including arguing the relationship between the jury's verdict and the deterrence of crime in general or specific types of crimes by its verdict. *Borjan v. State*, 787 S.W.2d 53, 55–56 (Tex. Crim. App. 1990). The argument that the jury should get the defendant off the streets has also been held to be a proper plea for law enforcement. *Smith v. State*, 114 S.W.3d 66, 72 (Tex. App.—Eastland 2003, pet. ref'd).

---

[3]"[T]he *Mosley* factors should be used to evaluate whether the trial court abused its discretion in denying a mistrial for improper argument, at least in cases like this one, in which constitutional rights are not implicated." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

[4]Bowser cites us to *Garrett v. State* for the proposition that we should examine whether the State's improper argument "might have contributed to the conviction *or the punishment assessed*." 632 S.W.2d 350, 353–54 (Tex. Crim. App. [Panel Op.] 1982) (emphasis added). However, *Garrett* does not support that proposition, as it merely states that in applying the *Mosley* factors, we should examine the evidence adduced at the guilt/innocence stage, and, if applicable, the evidence adduced at the punishment stage of the trial.

Here, the State argued that if Bowser was not convicted, he would commit other aggravated robberies in the future. It is similar to arguments found to be proper pleas for law enforcement in *Starvaggi v. State*, 593 S.W.2d 323, 328 (Tex. Crim. App. 1979) ("I hope he doesn't come knocking on one of your doors at eight o'clock in the evening . . ."); *McBride v. State*, 706 S.W.2d 723, 729 (Tex. App.—Corpus Christi 1986, pet. ref'd) ("They always say about doctors that they bury their mistakes. You-all make a mistake and they might bury somebody else."), and *Sanchez v. State*, 622 S.W.2d 491, 493 (Tex. App.—Corpus Christi 1981), *rev'd & remanded on other grounds*, 628 S.W.2d 780 (Tex. Crim. App. 1982) ("Would you be standing next to him the next time he went berserk on one of your children or one of your friends?"). Therefore, we find the argument to be a plea for law enforcement and overrule this point of error.

We affirm the judgment.

Bailey C. Moseley<br>
Justice

Date Submitted:    October 3, 2011
Date Decided:    October 5, 2011

Do Not Publish