**Reversed and Remanded and Opinion filed June 10, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00252-CV

**CHRISTOPHER MULGREW, Appellant**

**V.**

**SPECTRASEIS, INC., Appellee**

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2012-41761**

## O P I N I O N

This appeal arises from the dismissal of a personal injury case based on the trial court's determination that a foreign jurisdiction had exclusive jurisdiction over the work-related injury suffered by the appellant, Christopher Mulgrew. Mulgrew asserts that the dismissal for want of jurisdiction was erroneous because (1) appellee Spectraseis, Inc. did not establish that Mulgrew was an employee for whom it had immunity; (2) Spectraseis failed to demonstrate that Mulgrew would be able to obtain workers' compensation benefits in the foreign jurisdiction; and

(3) this case does not present a jurisdictional issue for which the trial court could grant a plea to the jurisdiction. Because we agree that this case was improperly dismissed for want of subject matter jurisdiction, we reverse and remand.

## BACKGROUND

Spectraseis is a seismic exploration company headquartered in Houston. Christopher Mulgrew is a citizen of the United Kingdom recruited in the UK by Spectraseis project manager Bill Rowlands—also a citizen of the UK—to work on a Spectraseis project in the Saskatchewan province in Canada. While working on this project in February 2011, Mulgrew suffered frostbite to several of his fingers. Mulgrew obtained treatment for his injury in Canada, but neither he nor Spectraseis reported that his injury was work related. At the time of Mulgrew's injury, Spectraseis had purchased workers' compensation coverage through the Saskatchewan Workers' Compensation Board (the Saskatchewan Board) for the duration of this project. Mulgrew returned to the UK where he received further treatment, but he ultimately lost three of his fingers because of this injury.

In July 2012, Mulgrew sued Spectraseis in Texas for his injuries. Spectraseis answered with a general denial in August. In its answer, Spectraseis also asserted a plea to the jurisdiction based on Mulgrew's admissions in his petition that he was an employee of Spectraseis at the time of his injury. Because of these admissions, Spectraseis urged that the Saskatchewan Board has exclusive jurisdiction over Mulgrew's work-related claims. At the same time as it filed its answer, Spectraseis filed notice of its intent to use foreign law and provided a complete copy of the Workers' Compensation Act, 1979, of Saskatchewan, Canada (the Saskatchewan WCA). There was no dispute in the trial court that Canadian law governed Mulgrew's claims.

2

After some discovery was conducted, Spectraseis filed a motion to dismiss for lack of subject matter jurisdiction. In this motion, Spectraseis claimed that the trial court lacked jurisdiction over Mulgrew's case because the Saskatchewan Board has exclusive jurisdiction over his claims:

> Because, according to [Mulgrew]'s own pleadings and admissions, he was a worker that was injured in the course of his employment for [Spectraseis] in Saskatchewan, he has no common law cause of action that may be heard by this court. [Spectraseis] is immune from suit, in this and any other court, for [Mulgrew]'s alleged injuries. [Mulgrew] must pursue recovery before The Workers' Compensation Board of Saskatchewan, Canada. This court should dismiss [Mulgrew]'s suit without prejudice for lack of subject matter jurisdiction.

Mulgrew responded to the motion to dismiss, asserting that Spectraseis failed to provide competent evidence that it had registered for and provided workers' compensation coverage to individuals working in Canada. Mulgrew further urged that Spectraseis was not entitled to immunity from suit because its corporate representative, David Walker, denied that Mulgrew was an employee. Finally, Mulgrew argued that he did not fall under the Saskatchewan WCA because he was working under a "contract for services," and individuals working under such a contract "are specifically excluded from the Workers' Compensation Act."

Spectraseis replied to Mulgrew's response, providing evidence that it was registered with the Saskatchewan Board at the time of his alleged injury. Spectraseis asserted that the failure of "either or both parties to notify the Board is irrelevant to the Board's continuing exclusive jurisdiction" over Mulgrew's claim and that Mulgrew would be covered by the Saskatchewan WCA even if Spectraseis had never registered with the Board.

On January 3, 2013, the trial court granted Spectraseis' motion to dismiss for lack of subject matter jurisdiction, dismissing Mulgrew's suit without prejudice. Mulgrew filed a motion for new trial, asserting that the evidence is legally and factually insufficient to support the trial court's order. After this motion was denied, Mulgrew timely filed this appeal.

## JURISDICTION

Mulgrew asserts on appeal that the trial court's dismissal of this case for want of jurisdiction was improper because the exclusive jurisdiction doctrine is inapplicable under the facts of this case. Jurisdictional determinations such as this present questions of law we review de novo. *See Thomas v. Long*, 207 S.W.3d 334, 340 (Tex. 2006) (providing that whether an agency has exclusive jurisdiction is a question of law we review de novo).

Under the exclusive jurisdiction doctrine, the legislature grants an administrative agency the sole authority to make an initial determination in a dispute. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 221 (Tex. 2002). Typically, if an agency has exclusive jurisdiction, a plaintiff must exhaust all administrative remedies before seeking judicial review of the agency's actions. *Id.* When the legislature grants an administrative agency exclusive jurisdiction over a dispute, the district court lacks jurisdiction to the extent of the agency's exclusive authority to decide the dispute. *See Thomas*, 207 S.W.3d at 340. Until the party has exhausted all administrative remedies, the trial court must dismiss without prejudice the claims within the agency's exclusive jurisdiction for lack of subject matter jurisdiction. *See Subaru of Am.*, 84 S.W.3d at 221.

But here, Spectraseis has not cited, and we have not found, any cases applying the exclusive jurisdiction doctrine to cases involving foreign jurisdictions. Instead, the cases upon which Spectraseis relies are cases in which the ***Texas***

4

*Legislature* has granted exclusive jurisdiction to a ***state agency*** to make an initial determination in a dispute. *Accord Port Elevator-Brownsville, L.L.C. v. Casados*, 358 S.W.3d 238, 240 (Tex. 2012) (negligence claim by employee's estate barred by exclusive remedy provision of Texas Workers' Compensation Act); *Thomas*, 207 S.W.3d at 337, 342 (Harris County Sheriff's Department Civil Service Commission has exclusive jurisdiction over employment dispute involving county jailer); *In re Entergy Corp.*, 142 S.W.3d 316, 321–22 (Tex. 2004) (orig. proceeding) (Public Utility Commission has exclusive jurisdiction over dispute regarding utility rates, operations, and services); *Subaru of Am.*, 84 S.W.3d at 221 (Texas Motor Vehicle Board has exclusive jurisdiction to initially resolve claims and issues governed by Texas Motor Vehicle Commission Code). Stated differently, Spectraseis has cited and our research has revealed no cases in which courts have held that the Texas Legislature granted administrative agencies of foreign jurisdictions exclusive jurisdiction over disputes.[1]

A Texas district court is a court of general jurisdiction. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). The Texas Constitution provides that the jurisdiction of a district court "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8. For district courts of such general jurisdiction, the presumption is that

---

[1] Spectraseis also cites *Larchmont Farms, Inc. v. Parra* in support of its position. 941 S.W.2d 93 (Tex. 1997) (per curiam). In *Larchmont Farms*, the Texas Supreme Court upheld the grant of an employer's *motion for summary judgment* based on the New Jersey Workers' Compensation Act's exclusive remedy provision when a Texas resident was injured while working in New Jersey. *Id.* at 94. This case was decided not on a plea to the jurisdiction, but through summary judgment proceedings involving choice of law principles. *See id.* at 94–95. As such, *Larchmont Farms* stands for the opposite of Spectraseis' position; that is, the trial court has jurisdiction to apply the foreign law.

they have subject matter jurisdiction unless a showing is made to the contrary. *Dubai Petroleum*, 12 S.W.3d at 75.

Here, Spectraseis concedes that the only ground for dismissing this case presented to the trial court was the exclusive jurisdiction doctrine. This doctrine is inapplicable under the facts of this case. *Cf. Port Elevator-Brownsville*, 358 S.W.3d at 240; *Thomas*, 207 S.W.3d at 337, 342; *In re Entergy*, 142 S.W.3d at 321–22; *Subaru of Am.*, 84 S.W.3d at 221. Thus, we conclude that the trial court erred in determining that it lacked subject matter jurisdiction over this case under the exclusive jurisdiction doctrine. Accordingly, we sustain Mulgrew's issue.

## CONCLUSION

For the foregoing reasons, and without reaching the merits of Mulgrew's claims, we reverse the trial court's order of dismissal and remand for proceedings consistent with this opinion.


/s/               Sharon McCally
                  Justice

Panel consists of Justices Christopher, Jamison, and McCally.